WALLING, Administrator of Wage and Hour Division, U. S. Dept. of Labor, v. R. L. McGINLEY CO.

Civil Action No. 198.

District Court, E. D. Tennessee, at Knoxville.

Jan. 8, 1944.

See also, D.C., 4 F.R.D. 149.

Gerard D. Reilly, Sol., and Irving J. Levy, Associate Sol., both of Washington, D. C., Charles H. Livengood, Jr., Regional Atty., of Durham, N. C., Jeter S. Ray, Regional Atty., and Glenn M. Elliott, both of Nashville, Tenn., Hugh McCloskey, Supervising Atty., of Washington, D. C., Douglas B. Maggs, Sol., of Durham, N. C., James F. Scott, Associate Atty., of Canton, Ill., Warner W. Gardner, Sol., Roy C. Frank, Asst. Sol., William S. Tyson, Sol., and Bessie Margolin, Associate Sol., all of Washington, D. C., and Beverley R. Worrell, Regional Atty., and F. Marshall Neilson, Atty., both of Birmingham, Ala., for plaintiff.

Egerton, McAfee & Clarke (later Egerton, McAfee & Armistead) of Knoxville, Tenn., for defendant R. L. McGinley Co.

TAYLOR, District Judge.

This is an action to enjoin defendant from further claimed and partly conceded violations of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

The facts are largely stipulated, and as to those not stipulated there is no serious conflict. The question is rather whether under the facts the employees as to whom there is no stipulation come under the coverage of the Act. The defendant admits violations of record keeping provisions of the Act, and as to those concedes that the injunction is appropriate.

The Administrator's principal contention is that the facts show continuity of transportation or commerce as to the extrastate receipts of produce which constitute a very large percentage of defendant's volume; that even though only a small percentage of such produce sourced extrastate is sold to customers outside of Tennessee, that all those who participate in purchasing extrastate produce, correspond with sellers and keep records relative to such receipts and distribution, either to retailers or wholesalers for re-sale within the state, are engaged in commerce and covered by the Act. With this theory of applicability I cannot agree, because the substantial part of the work of those employees not expressly beyond the coverage of the Act is intrastate, and while it may affect interstate commerce, that is not enough to bring the employees under the coverage of the Act. I cannot think that the facts of this case bring the employees under the coverage suggested in the opinion in Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, at page 336, 87 L.Ed. 460, where it is said: "We do not mean to imply that a wholesaler's course of business based on anticipation of needs of specific customers, rather than on prior orders or contracts, might not at times be sufficient to establish that practical continuity in transit necessary to keep a movement of goods 'in commerce' within the meaning of the Act." Nor can I accept as applicable to the facts of the present case the opinion in Cudahy Packing Company of Alabama v. Bazanos,[1] not officially reported, but found in 6 Wage Hour Rept. 1234.

Kirschbaum v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638, decides that the employee's business or the work of the employee must do more than merely affect commerce. The employee must be either engaged in commerce or in the production of goods for commerce.

In the case of Cudahy Packing Company of Alabama v. Bazanos, supra, the court held the test of coverage to be whether the activities of the employee were actually or so closely related to the movement of commerce as to be a part of it, and found under the facts of the case there involved that "movement in commerce" included among its phases the clerical work of checking and reporting for goods lost or damaged in transit between the states, and the entries in the stock book of goods

---

[1] No opinion for publication.

990

received in interstate shipments. With the test there applied this court is in accord, provided the clerical work referred to constitutes a substantial part of the employee's work as compared with the whole work performed by the employee.

In the instant case I find that such work of the clerical force was not substantial, and that the injunction should be denied as to all employees as to whom coverage is not conceded, and except as to violations of the record keeping requirements of the statute.

This memorandum was made December 27, 1943, and is filed now for then.